IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THOMAS GONZALEZ,<br>    Plaintiff,<br>                v.<br>UNITED STATES,<br>    Defendant. | Civil Action No.<br>1:22-cv-0638-SDG |

### OPINION AND ORDER

This matter is before the Court on Magistrate Judge Catherine M. Salinas's March 31, 2022 Final Report and Recommendation (R&R) [ECF 4] and Plaintiff Thomas Gonzalez's April 20, 2022 objections [ECF 6, ECF 7, ECF 8] thereto. Gonzalez, an inmate at the South Florida Reception Center in Doral, Florida, complains that his rights were violated when the Court informed him that, even if he were permitted to proceed *in forma pauperis* in a separate case, he would nonetheless be required to pay the $350 filing fee in installments pursuant to 28 U.S.C. § 1915. The R&R recommends dismissal of the case pursuant to Section 1915(e)(2) because Gonzalez has failed to state a valid claim for relief. For the following reasons, Gonzalez's objections are **OVERRULED** and the R&R is **ADOPTED** as the Order of this Court.

A party challenging a report and recommendation issued by a United States Magistrate Judge must file written objections that specifically identify the portions

of the proposed findings and recommendations to which an objection is made and must assert a specific basis for the objection. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009). Absent an objection, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and need only satisfy itself that there is no clear error on the face of the record. Fed. R. Civ. P. 72(b). "Frivolous, conclusive, or general objections need not be considered by the district court." *Schultz*, 565 F.3d at 1361 (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)).

As noted in the R&R, Gonzalez's "complaint consists of a series of nonsensical statements and rhetorical questions," which, even when liberally construed, fail to demonstrate that he is entitled to the damages that he seeks.[1] Gonzalez's objections reiterate the same flawed allegations contained in his complaint. In his objections, Gonzalez discourteously refers to Judge Salinas by her first name, accuses Judge Salinas of aiding and abetting criminal charges and fraud, and indicates that officials in Florida are improperly detaining him. Apparently, because of his disapproval of the R&R, he has now doubled his demand for damages.[2]

---

[1] ECF 4, at 2.

[2] *Id.*

Gonzalez has pointed to no legal or factual error in the R&R, and it is clear that he has failed to state a cognizable claim for relief in this Court. Perhaps this is because he confuses the protections afforded to him by the Florida Constitution with federal law on *in forma pauperis* proceedings. An *in forma pauperis* complaint must be dismissed "if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The purpose of Section 1915(e)(2) is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989), *superseded by statute on other grounds as recognized in Christiansen v. Clarke*, 147 F.3d 655, 658–59 (8th Cir. 1998); *see also Ahumed v. Fed. Nat'l Mortg. Ass'n*, No. 1:11-cv-2175-ODE-RGV, 2011 WL 13318915, at *2 (N.D. Ga. Dec. 13, 2011) ("[T]he purpose of the frivolity review is to filter non-paying litigants' lawsuits through a screening process functionally similar to the one created by the financial disincentives that help deter the filing of frivolous lawsuits by paying litigants.") (citing *Cofield v.*

*Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 515 (11th Cir. 1991)). In this instance, at least the first two prongs of Section 1915(e)(2) are clearly met.

Accordingly, Gonzalez's objections [ECF 6, ECF 7, ECF 8] are **OVERRULED**, the R&R [ECF 4] is **ADOPTED** as the Order of this Court, and this matter is **DISMISSED** under 28 U.S.C. § 1915(e)(2). The Clerk of Court is **DIRECTED** to close this case.

**SO ORDERED** this 15th day of August, 2022.

Steven D. Grimberg
United States District Court Judge